IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA PETERSEN AND STEVEN GROVO,<br><br>Defendants. | CR 13–30–M–DWM–12<br>CR 13–30–M–DWM–13<br><br>MEMORANDUM AND ORDER |

Trial in this matter is close at hand. This Memorandum and Omnibus Order addresses several pending motions and recent developments in the case.

I. **Unopposed Motion to Release Sealed Documents and Transcripts**

Defendant Joshua Petersen moves the Court for an order to review *in camera*, if necessary, and then unseal and produce any and all statements made by co-conspirators relevant to the criminal charges in this case. (Doc. 495.) Petersen states such statements may be found in transcripts of hearings on motions to change plea, presentence reports, correspondence, and plea agreements and offers of proof. Defendant Steven Grovo joins in Petersen's Motion and the United States does not object.

Defendants' Motion to Release Sealed Documents and Transcripts is well-taken and will be granted.  Such material may be relevant to testimony adduced from co-conspirators at trial and may contain exculpatory material.  Pursuant to the Fifth Amendment to the United States Constitution and the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), such materials must be provided to Petersen and Grovo.  The relevant documents will be made available to the Defendants for inspection prior to trial, *in camera*, if necessary.

## II.  Motion to Continue

Defendant Joshua Petersen moves the Court for a continuance of the trial set for June 23, 2014 at 9:00 a.m. [sic] until a subsequent date.  Petersen avers that the Third Superseding Indictment handed down by the grand jury, (*see* Doc. 477), makes trial on the current schedule untenable. (Doc. 484.)  The United States objects to Petersen's Motion to Continue.  (Doc. 483 at 2.)  Co-defendant Steven Grovo takes no position.  (*Id*.)

Petersen presents several arguments in support of a continuance, none of which the Court finds persuasive.  Petersen claims that a continuance is warranted because of logistical challenges.  (*See* Docs. 483-1 at 2; 483-2 at 2; 485 at 1-2.)  He states that his prior attorney did not arrange for him to review the discovery in the case.  (Doc. 483-1 at 2.)  He states that travel to Montana to meet with his

attorney poses a hardship. (*Id*.) His counsel states that prior counsel did not fully develop an expert on computer issues and claims her client's review of evidence is complicated by the fact that he is in Arizona. (Doc. 483-2 at 2.) Counsel further states that more time is needed for the retained expert to complete his review and prepare a report. (*Id*.)

Petersen's logistical arguments are unavailing. Petersen has been on pretrial release since January 2014, (*see* Doc. 205), and has had access to discovery since that time. Pursuant to the Criminal Justice Act, he was appointed capable and competent counsel, Mr. Chad Wright, (*see* Doc. 204), who timely reviewed the discovery and met with FBI Agents in Helena, Montana on his behalf. (Doc. 487 at 9.) Over two months before trial, Mr. Wright secured the services of an expert to examine the discovery. (*See* Docs. 397; 487 at 11.) In early May, seven weeks before the scheduled trial, Petersen dispensed with Mr. Wright's services and elected to retain private counsel, as is his right. (*See* Doc. 424.) His election to retain new counsel does not justify a continuance. Petersen was aware of the logistical issues he cites long before he retained new counsel. He freely elected to hire an attorney in a different state than his state of residence and in a different city than the location of most of the evidence in this matter. Petersen's expert has had access to the discovery and contacted agents to review the evidence. (Doc. 487 at

11.)  The government has permitted the expert to create trial exhibits from the evidence.  (*Id*.)  These considerations and the ample time afforded to his new counsel in which to further prepare Petersen's defense do not displace the public interest in a speedy trial.

Petersen also states that a continuance is necessary because of the Third Superseding Indictment filed on June 5, 2014.  (*See* Doc. 477.)  Petersen recognizes that the Third Superseding Indictment is a retooling of the previous charging instrument that adds no new charges against the Defendants.  (Doc. 485 at 3.)  Even so, he claims that a continuance is needed to allow him to prepare an alibi defense that has just now come to light after the filing of the Third Superseding Indictment.

Petersen's argument about the new charging instrument is unpersuasive.  There is no cognizable change to defense strategy or tactics in this case precipitated by the handing down of the Third Superseding Indictment.  The changes to the charges in this case as set forth in the Third Superseding Indictment are solely technical, aside from the explicit inclusion of the *mens rea* element for Count I, which charges the Defendants with engaging in a child exploitation enterprise.  (*Compare* Doc. 186 *with* Doc. 477.)  This change is simply an explicit statement of an item that the Defendants could, and apparently did, infer from the

Second Superseding Indictment. (*See* Docs. 186 & 458.) The explicit statement of the *mens rea* element in the Third Superseding Indictment, i.e. that the Defendants <u>knowingly</u> engaged in a child exploitation enterprise, is merely a clarification that states a term fairly incorporated by the Second Superseding Indictment's reference to the criminal statute at issue in Count I.

Petersen's counsel requests alternative relief in the event the Court does not grant his request for a continuance. (Doc. 483-2 at 3.) Petersen seeks to be allowed to declare an alibi defense, to prepare defense exhibits from sensitive discovery, and to declare his computer forensic expert in this case. The court notes that the United States has already allowed Petersen's expert to create exhibits on his behalf. (Doc. 487 at 11.) The United States does not set forth a response or objection to Petersen's declaration of an alibi defense or declaration of his computer forensic expert. The Court will hear argument regarding these alternative forms of relief at trial.

Petersen fails to present good cause for a continuance of trial. As previously noted by the Court, the Speedy Trial Act, 18 U.S.C. § 3161, protects both a defendant's right and the public interest in swift imposition of justice. (*See* Doc. 439.) Petersen's Motion and Brief in Support do not address these competing interests, resting solely on weak arguments that a continuance would

benefit the Defendants. Confusingly, even after making these arguments, Petersen's counsel states that "[t]he defense would prefer to try this case on June 23, but defense counsel's first and foremost duty is to her client and to ensure there has been enough trial preparation time." (Doc. 485 at 4.) This statement is at odds with the arguments in support of a continuance related in Petersen's brief and undermines the urgency of the continuance sought. The current trial date was set December 19, 2013. (*See* Doc. 185.) Petersen and Grovo have been afforded over six months in which to confer with counsel, analyze evidence, formulate legal arguments, marshal witnesses, and otherwise prepare their defense. Two continuances have previously been granted in this case. No intervening event justifies a continuance of trial and other deadlines in this matter. A third continuance will not be granted. Trial of this matter will proceed as scheduled, at 8:30 a.m. on June 23, 2014 at the Russell Smith United States Courthouse in Missoula, Montana.

**III.   Motion to Dismiss the Second Superseding Indictment**

Defendants' Joint Motion to Dismiss, (Doc. 457), seeks dismissal on the grounds of double jeopardy and legal sufficiency. (*Id*.) The United States opposes the Motion. (*Id*. at 3; Doc. 467.)

A Third Superseding Indictment was filed on June 4, 2014, after the

Defendants' Motion to Dismiss was fully briefed. (*See* Doc. 477.) While the Third Superseding Indictment is not of such great consequence that charges are added or dropped against Defendants Petersen and Grovo, changes to the wording of Counts I and II are directly relevant to the questions raised in the Motion. A grand jury may return a valid indictment notwithstanding another indictment pending against an accused for the same criminal charges. *United States v. Holm*, 550 F.2d 568, 569 (9th Cir. 1977) (*per curiam*), *cert. denied*, 434 U.S. 856 (1977). Until jeopardy attaches, all indictments against a defendant remain pending unless formally dismissed. *United States v. Hickey*, 580 F.3d 922, 930 (9th Cir. 2009). The government may elect to proceed to trial on any pending indictment, *id.*, and must make its election in this case before the Court begins to hear evidence, *see Lee v. United States*, 432 U.S. 23, 28 (1977).

The decision as to which criminal charges, if any, to pursue against the Defendants is committed to the government and the government alone. *See United States v. Duran*, 41 F.3d 540, 544 (9th Cir. 1994) ("if the prosecutor has probable cause to believe a defendant committed a crime, the decision of whether to prosecute and the charges to be filed rests with the prosecutor.") The sufficiency of the Third Superseding Indictment is not a matter that the Defendants raise in the Motion. Accordingly, the Court will proceed to consider the issues presented by

the Motion as it was briefed by the parties—in reference to the Second Superseding Indictment, (*see* Doc. 186).

Defendants argue that Count I fails to adequately inform them of the felony offenses, criminal actors, and victims of the child exploitation enterprise charged therein. (Doc. 457 at 2.) Petersen and Grovo also claim that "Count I is constitutionally deficient for failing to provide insufficient [sic] notice of all such elements of that offense." (*Id.*) The Defendants argue that Count II fails to present sufficient detail about the conspiracy to advertise child pornography alleged by the government. (*Id.*) And they claim that both counts are insufficient for their failure to state the required mental state and all essential elements of the crimes charged. (*Id*. at 2-3.) At bottom, all of the Defendants' challenges to the legal sufficiency of the Second Superseding Indictment are without merit. Their Motion to Dismiss will accordingly be denied in this regard.

Federal Rule of Criminal Procedure 8(c) provides that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy. *United States v. Buckley*, 689 F.2d 893, 896 (9th Cir. 1982) (citing *Hamling v. United States*,

418 U.S. 87, 117 (1974)). The indictment returned by the grand jury is generally sufficient if it tracks the words of the statute violated and includes implied, necessary elements of the offense not present in the statutory language. *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995). "The issue . . . is whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the [g]overnment can prove its case." *Id.* (citation omitted). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the court is bound by the four corners of the indictment" and "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

Counts I and II of the Second Superseding Indictment track the words of the relevant statutes and set forth all of the elements of the offenses allegedly committed by Petersen and Grovo. (*See* Doc. 186.) The Second Superseding Indictment identifies the dates of the alleged child exploitation enterprise and the conspiracy to advertise child pornography. (*See id.*) Both Counts I and II set forth the location of and the names of the individuals involved in the criminal conduct alleged. Count I specifically identifies the section of Chapter 110 violated, by reference to 18 U.S.C. § 2252(a)(2) and (a)(4)(B). This information is sufficient

under the liberal standard set forth by the Court of Appeals in *Buckley* and reasserted in *Jackson*.

Contrary to the Defendants' argument, the government need not identify the specific acts constituting the predicate felony offenses involved in a child exploitation enterprise. *See United States v. Wayerski*, 624 F.3d 1342, 1350 (11th Cir. 2010) (upholding, under a similar standard as the Ninth Circuit, an indictment that related a similar level of detail as the Second Superseding Indictment in this case). Just as the indictment in *Wayerski* fairly informed the Defendants of the criminal charges in issue, the Second Superseding Indictment in this case is sufficient because it provides a general description of the facts of this case and the predicate offenses. *Id*.

The Defendants argue that Count I of the Second Superseding Indictment must be dismissed because it fails to allege the mental state necessary to commit the offense. This argument is meritless. Count I of the Second Superseding Indictment refers to the relevant statutory provisions. (*See* Doc. 186 at 2-3.) These statutes state that one must act "knowingly" in the commission of the relevant offenses. This *mens rea* requirement is thereby incorporated by reference in the Second Superseding Indictment. Defendants are given fair notice of the mental state necessary to commit the offense set forth in Count I of the Second

Superseding Indictment.

Count II of the Second Superseding Indictment alleging conspiracy to advertise child pornography is also stated in sufficient detail. The indictment simply "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The government need not allege overt acts of this conspiracy charge in the indictment, because the statute does not require proof of an overt act to prove this conspiracy. *See* 18 U.S.C. § 2251(e).

Defendants double jeopardy arguments in reference to the Second Superseding Indictment are unavailing. "[J]eopardy does not attach, and the constitutional prohibition on double jeopardy can have no application, until a defendant is put to trial before the trier of facts, whether the trier be a jury or a judge." *United States v. Stoltz*, 720 F.3d 1127, 1131 (9th Cir. 2013) (quotation marks, brackets, and citations omitted). Jeopardy has not attached in this matter, a bench trial. *See Searfass v. United States*, 420 U.S. 377 (1975) ("In a nonjury trial, jeopardy attaches when the court begins to hear evidence.") Defendants' Motion is unripe on double jeopardy grounds. This portion of this Motion may be subject to renewal at trial if the United States elects to proceed to trial on the Second Superseding Indictment.

## IV. Motion to Dismiss the Third Superseding Indictment: Insufficiency

Defendants jointly move the Court to dismiss Counts I and II of the Third Superseding Indictment for legal insufficiency. (Doc. 489.) The government opposes the Motion. (Doc. 503.) The arguments raised by Defendants to challenge the Third Superseding Indictment are analogous to those levied against the Second Superseding Indictment, considered by the Court in Part III, *supra*. Counts I and II of the Third Superseding Indictment are sufficient because they track the language of the applicable statues, just as was the case with Counts I and II of the Second Superseding Indictment. The Third Superseding Indictment is more specific than the Second, and Defendants raise no new challenges to the language of the latest charging instrument. Accordingly, Defendants' Motion to Dismiss the Third Superseding Indictment for legal insufficiency will be denied.

## V. Motion to Dismiss the Third Superseding Indictment: Double Jeopardy

Defendants jointly move the Court to dismiss Counts I and II of the Third Superseding Indictment on double jeopardy grounds. (Doc. 496.) The government opposes the Motion. (Doc. 502.) Just as the Defendants' Motion to Dismiss the Second Superseding Indictment on double jeopardy grounds is unripe at this time, *see* Part III *supra*, this Motion is also not yet ripe for decision. Defendants' Motion will be denied subject to renewal at such time that jeopardy

has attached for the charges in this case.

## VI. Motion to Dismiss the Third Superseding Indictment: Ambiguity, Vagueness, and Overbreadth

Defendants jointly move the Court to dismiss the Third Superseding Indictment on the grounds that the charges related therein are ambiguous, vague, and overbroad. (Doc. 498.) The government opposes the Motion. (Doc. 504.)

Defendants challenge Count I of the Third Superseding Indictment, which alleges that they engaged in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). In relevant part, the statute states that:

> A person engages in a child exploitation enterprise for the purposes of this section if the person violates section 1591, section 1201 if the victim is a minor, or chapter 109A (involving a minor victim), 110 (except for sections 2257 and 2257A), or 117 (involving a minor victim), as a part of a series of felony violations constituting three or more separate incidents and involving more than one victim, and commits those offenses in concert with three or more other persons.

18 U.S.C. § 2252A(g)(2). Defendants claim the term "series" is ambiguous, the phrase "three or more separate incidents" is ambiguous as to whether each incident must involve "more than one victim," and the existence of "three or more other persons" in reference to the predicate offenses is ambiguous. Rather than presenting a facial attack on the statute, Defendants' challenge attacks its application in this case.

"[Vagueness] doctrine incorporates notions of fair notice or warning . . . . [I]t requires legislatures to set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent arbitrary and discriminatory enforcement." *Smith v. Goguen*, 415 U.S. 566, 572-73 (1974) (footnotes, citations, and quotation marks omitted). The standard is not one of mathematical precision that validates hypertechnical theories as to a statute's scope. *See Hill v. Colorado*, 530 U.S. 703, 733 (2000). Rather, "[a] statute is vague as applied if it either fails to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly or fails to provide explicit standards for those who apply them." *United States v. Sandsness*, 988 F.2d 970, 971-72 (9th Cir. 1993) (quotation marks and citation omitted).

The statute at issue here is not in the category of constitutionally suspect statutes proscribing indeterminate conduct. *See*, *e.g.*, *Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972) (invalidating statute criminalizing persons "deemed vagrants"). Rather, this statute is analogous to, and more specific than, the criminal enterprise statute, *see* 21 U.S.C. § 848, deemed constitutional by various courts of appeals. *See United States v. Cravero*, 545 F.2d 406 (5th Cir. 1977); *United States v. Manfredi*, 488 F.2d 588 (2d Cir. 1973). Indeed, the Eleventh Circuit has ruled that the statute is not unconstitutionally vague as-

applied to a similar criminal enterprise. *See Wayerski*, 624 F.3d at 1347-49.

Contrary to Defendants' assertions, the language of the child exploitation enterprise statue in issue in this case is straightforward and easily understood. A person of ordinary intelligence can understand that the statute prohibits the commission of an enumerated crime as part of three felony violations on three or more instances with three or more other persons against more than one victim. The enumerated statutes are specifically listed in the statute. Defendants' argument that "series" is ambiguous is without merit, as it is modified by the statement that the predicate offenses in series must be at least three incidents. In light of the facts of the instant case, Defendants' as-applied challenge to the other language of the statute, concerning a series of violations constituting three incidents involving three or more persons, is also not impermissibly vague. Defendants are alleged to have participated in a sophisticated online bulletin board with limited membership and specific objectives. Numerous images were allegedly posted to the board and shared among the users. The indictment alleges precisely that Defendants' acted to distribute, receive, and access with intent to view child pornography. These crimes are plainly predicate offenses specified in the child exploitation enterprise statute. Other conduct alleged meets the requirement of three or more separate instances, two or more victims, and three or

more other persons acting in concert. Nothing about § 2252A(g) is ambiguous in the context of the Defendants' actions in this case. "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 756 (1974). The Defendants' vagueness challenge to Count I will be denied.

Defendants interpose an argument about the proof produced in the government's discovery as to Count I is voluminous, rendering the statute unconstitutionally vague. Defendants cite no authority for their argument that the volume of discovery in this case renders the child exploitation statute unconstitutionally vague. Vagueness is a test of the statutory language, not the proof adduced in support of a violation of a statute. This argument is a reassertion of the Defendants' test of the sufficiency of the charging instrument, dispensed with in parts III and IV *supra*.

Defendants argue that the criminal statute underlying the charge presented in Count II, conspiracy to advertise child pornography, is ambiguous, vague, and overbroad. Defendants do not offer a specific overbreadth analysis in their brief, arguing only in a conclusory fashion that the statute is overbroad. This assertion is easily set aside, as overbreadth analysis is typically predicated on a statute's unconstitutional sweep to infringe upon liberties guaranteed by the First

Amendment. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1346 (9th Cir. 1984). Child pornography is not protected speech, *New York v. Ferber*, 458 U.S. 747 (1982), and cannot therefore be subject to overbreadth analysis under the First Amendment.

As for the ambiguity and vagueness of the conspiracy to advertise count, Petersen and Grovo first argue that the government does not have sufficient evidence to convict them of conspiracy to prove intent to conspire to engage in a child exploitation enterprise. This argument relies on a conflation of the two counts related in the Third Superseding Indictment and is accordingly without merit. Defendants are charged with engaging in a child exploitation enterprise (Count I) and conspiracy to advertise child pornography (Count II). These are separate charges.

The Defendants' next argue that specific language in the conspiracy to advertise statute, 18 U.S.C. § 2251(d) & (e) is ambiguous and vague. This argument is without merit. In consideration of the law regarding vagueness set forth *supra*, the statute fairly apprises any person of reasonable intelligence that conspiring to advertise child pornography is illegal. The incorporation of the term "any" does not, as the Defendants suggest, destroy the textual limits of the statute. Rather, the term "any" evinces Congress' intent to totally and completely ban the

act of conspiring to advertise child pornography. Indeed, by setting forth a bright line standard in this area of the law, the term "any" removes vagueness and arbitrariness from the statute.

Defendants' argument that the statute requires direct sexual contact with a minor is unavailing. There is no authority for this assertion and it stands in contrast to the plain meaning of the statute. Section 2251(d)(1) is phrased in the disjunctive, that is, it proscribes notices or advertisements seeking or offering (A) visual depictions of a minor engaging in sexually explicit conduct and (B) participation for the purpose of producing such visual depictions. The statutory language plainly states that the act of producing a notice or advertisement as to these visual depictions is the proscribed conduct, not the sexually explicit contact itself. Defendants' vagueness and ambiguity arguments as to Count II of the Third Superseding Indictment are without merit. Their Motion will be denied in this respect as well.

## VII. Conclusion

IT IS ORDERED that Defendant Joshua Petersen's Unopposed Motion to Release Sealed Documents and Transcripts, (Doc. 495), is GRANTED.

IT IS FURTHER ORDERED that Defendant Joshua Petersen's Motion to Continue Trial, (Doc. 483), is DENIED. The Bench Trial of this case will proceed

as scheduled at 8:30 a.m. on June 23, 2014. (*See* Doc. 474.)

IT IS FURTHER ORDERED that the Defendants' Joint Motion to Dismiss the Second Superseding Indictment, (Doc. 457), is DENIED.

IT IS FURTHER ORDERED that the Defendants' Joint Motion to Dismiss the Third Superseding Indictment for Legal Insufficiency, (Doc. 489), is DENIED.

IT IS FURTHER ORDERED that the Defendants' Joint Motion to Dismiss the Third Superseding Indictment on Double Jeopardy Grounds, (Doc. 496), is DENIED SUBJECT TO RENEWAL.

IT IS FURTHER ORDERED that the Defendants' Joint Motion to Dismiss the Third Superseding Indictment for Ambiguity, Vagueness, and Overbreadth, (Doc. 498), is DENIED.

DATED this 20th day of June, 2014.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT