IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA PETERSEN,<br><br>Defendant. | CR 13–30–M–DWM–12<br><br>ORDER |

**Introduction**

Defendant Joshua Petersen was charged in a Third Superseding Indictment of Count 1, Child Exploitation Enterprise, in violation of 18 U.S.C. § 2252A(g), and Count 2, Conspiracy to Advertise Child Pornography, in violation of 18 U.S.C. § 2251(d) & (e). After a two-day bench trial, he was found guilty of both Counts. Now before the Court is the question of whether the Double Jeopardy Clause prohibits entering judgment against Defendant on both Counts as well as Defendant's objections to the presentence investigation report.

**I. Double Jeopardy**

**A. Background**

The child exploitation enterprise provision charged in Count 1, 18 U.S.C. §

2252A(g), provides:

> A person engages in a child exploitation enterprise for the purposes of this section if the person violates . . . chapter 110 . . . as a part of a series of felony violations constituting three or more separate incidents and involving more than one victim, and commits those offenses in concert with three or more other persons.

The predicate offenses under chapter 110 include distribution/receipt of child pornography under 18 U.S.C. § 2252(a)(2), access with intent to view/possession of child pornography under 18 U.S.C. § 2252(a)(4)(B), and advertising child pornography under 18 U.S.C. § 2251(d), among numerous other child exploitation crimes. To act "in concert with three or more other persons" means the same as to engage in a conspiracy with three or more other persons. *See United States v. Daniels*, 653 F.3d 399, 413 (6th Cir. 2011).

The conspiracy to advertise child pornography provision charged in Count 2, 18 U.S.C. § 2251(d) & (e), provides:

> Any person who, [through interstate commerce], knowingly makes, prints, or publishes, or causes to be made, printed, or published, any notice or advertisement seeking or offering . . . to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct . . . shall be punished.
> . . .
> Anyone who violates, attempts or conspires, to violate [section 2251] shall be punished.

The Third Superseding Indictment charged Defendant with child exploitation enterprise with predicate offenses of distribution/receipt under § 2252(a)(2) and accessing with intent to view under § 2252(a)(4)(B); the Indictment does not include advertising under § 2251(d) as a predicate offense for purposes of Count 1. (*See* Indictment, Doc. 477 ("[Defendant] did knowingly and willfully engage in a child exploitation enterprise, that is [he] knowingly distributed, received and accessed with the intent to view child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B), as part of a series of felony violations constituting three or more separate incidents and involving more than one victim, and committed those offenses in concert with three or more persons, in violation of 18 U.S.C. § 2252A(g).").)

B.   **Analysis**

"The Fifth Amendment's prohibition on double jeopardy protects against being punished twice for a single criminal offense." *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008). "When a defendant has violated two different criminal statutes, the double jeopardy prohibition is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other." *Id.* To determine whether two statutory provisions prohibit the same offense or whether one offense is a lesser included offense of the other, courts use

the *Blockburger* test where they "examine each provision to determine if it 'requires proof of a[n additional] fact which the other does not.'" *Id.* (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).  The *Blockburger* test is a rule of statutory construction to be used only in the absence of an indication of clear Congressional intent.  *Whalen v. United States*, 445 U.S. 684, 695 (1980).  If two different statutes prohibit the same offense or one is a lesser included offense of the other, conviction under both violates the Fifth Amendment's prohibition of double jeopardy, and one count must be vacated.  Id.

Here, the child exploitation enterprise statute does not indicate clear Congressional intent as to whether the provision constitutes a separate offense. *See, e.g.*, *Garrett v. United States*, 471 U.S. 773, 781 1985) (clear indication of Congressional intent where statutory provision required as a predicate offense an additional *conviction*, as opposed to violation, under the section); *United States v. Baker*, 63 F.3d 1478, 1494 (9th Cir. 1995) ("statutory language reflects congressional intent to supplement, rather than supplant, existing crimes and penalties", where it "specifically provides that '[n]othing in [RICO] shall supersede any provision of Federal . . . law imposing criminal penalties . . . in addition to those provided for in [RICO].'" (internal quotation marks and citation omitted and quoting Pub.L. No. 91–452, § 904(b), 84 Stat. 947)).

Thus, the Court resorts to the *Blockburger* test by comparing the text of each statutory provision. The two statutes here each require proof an additional fact the other does not—the child exploitation enterprise provision requires proof of a series of felony violations and more than one victim, and the conspiracy to advertise provision requires proof of a published notice seeking to exchange child pornography. Therefore, the statutes do not prohibit the same offense.

The closer question is whether conspiracy to advertise is a lesser included offense of child exploitation enterprise. The child exploitation enterprise statute defines a compound offense because it incorporates several predicate child pornography offenses, including advertising. It can be argued that in the case of a compound statute with alternative predicate offenses, no predicate offense is ever "necessarily included" within the greater. Yet, the majority of the Supreme Court counseled against such a strict statutory analysis in *Whalen*. 445 U.S. at 694. There, the Court relied on Congressional intent and, for purposes of the *Blockburger* test, treated the compound statute of felony murder as if Congress had enacted a separate statute for each alternative predicate felony. *Id.* at 693–94. Thus, the Court focused only on the predicate felony charged "[i]n the present case." *Id.* at 694. The Court concluded that the rape was a lesser included offense of felony murder and "[t]o the extent that . . . the matter is not entirely free of

doubt, the doubt must be resolved in favor of lenity." *Id*.

Focusing on the predicate offense charged "in the present case" here brings a different result than in *Whalen* where there rape was charged as both the predicate to felony murder and the second offense. *Id.* at 685. Here, Defendant was charged with receipt/distribution and access with intent to view—not advertising—as the predicate offenses for the enterprise charge. Because Defendant was charged with different offenses for the predicate offense in Count 1 and the second offense in Count 2, the conspiracy to advertise offense cannot be a lesser included offense of the child exploitation enterprise offense. Entering judgment on both counts does not violate the Double Jeopardy Clause.

Defendant argues that he cannot legally be sentenced on both counts because the same factual basis concerning his involvement in the Kingdom of Future Dreams bulletin board was used to convict him on both counts. Defendant's argument has merit. There are no Ninth Circuit cases that address double jeopardy in relation to the statutory provisions at issue here. Defendant relies on the Eleventh Circuit case, *United States v. Wayerski*, 624 F.3d 1342 (11th Cir. 2010). There, the defendants were charged with child exploitation enterprise in Count 1, and the predicate offenses were not cited by statute but referenced generally as "advertisement, transportation and shipment of child pornography."

*Wayerski*, 624 F.3d at 1350. In Count 2, the defendants were charged with "conspiring to advertise, transport, receive, and possess child pornography and to obstruct justice, in violation of 18 U.S.C. §§ 371, 1512(k), 2251(d)(1) and (e), and 2252A(a)(1) and (b)(1)." *Id.* at 1346. The court specifically addressed whether the "in concert" requirement of child exploitation enterprise requires the same proof as the "conspiracy" in the second count and determined that it does. *Id.* at 1350–51. The court then concluded that the conspiracy count was a lesser included offense of the child exploitation enterprise count and that sentencing on both counts violated the Double Jeopardy Clause. *Id.* Although the same factual basis was used to convict the defendants in *Wayerski* of both counts, the case is distinguishable. Both counts there charged advertisement and transportation, *id.* at 1346, 1350, so the conspiracy count was subsumed by the enterprise count.

### C. Conclusion

Accordingly, sentencing Defendant on both Count I and Count II of the Third Superseding Indictment does not violate the Double Jeopardy Clause. Should this conclusion be in error, the decision as to which count should be vacated is within the discretion of the district court, and the decision "is to be guided by the § 3553(a) factors." *United States v. Maier*, 646 F.3d 1148, 1154 (9th Cir. 2011). Considering the § 3553(a) factors here, the Court would vacate

Count I, child exploitation enterprise, and would sentence Defendant on Count II, conspiracy to advertise.

## II. Objections to the Presentence Investigation Report

### A. Application of USSG § 1B1.3

Without argument, Defendant states that application of USSG § 1B1.3, as relating to reasonably foreseeable acts, is violative of the Due Process Clause. Application of § 1B1.3 does not violate the Due Process Clause when the sentence imposed does not exceed the statutory maximum. *United States v. Ochoa*, 311 F.3d 1133, 1135–36 (9th Cir. 2002) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Defendant's sentence does not exceed the statutory maximum. The objection is overruled.

### B. Application of USSG § 3D1.2(d)

Defendant objects to grouping of both counts pursuant to § 3D1.2(d) as violative of the Double Jeopardy Clause. This objection is without merit where one of the key purposes of grouping is "to prevent multiple punishment for substantially identical offense conduct." USSG Ch. 3, Pt. D, intro. Grouping both counts is appropriate and required, and grouping requires that the Court look to the highest base offense level of the grouped counts. The objection is overruled.

### C. Eighth Amendment

Without argument, Defendant insists that the Base Offense Level, Adjusted Offense Level, and Total Offense Level derived from USSG §§ 2G2.6 and 2G2.2 violate the Eighth Amendment. Defendant's objection appears to be a facial challenge. There is merit to the argument that the guidelines here are out of tune with the underlying theory of the sentencing guidelines, and the Ninth Circuit has noted that "the child pornography Guidelines are, to a large extent, not the result of the Commission's exercise of its characteristic institutional role, which requires that it base its determinations on empirical data and national experience, but of frequent mandatory minimum legislation and specific congressional directives to the Commission to amend the Guidelines," *United States v. Henderson*, 649 F.3d 955, 963 (9th Cir. 2011) (internal quotation marks omitted). Under *Henderson*, district courts "may vary from the child pornography Guidelines, § 2G2.2, based on policy disagreement with them" so long as that disagreement is stated on the record. *Id.* The Court is also allowed to make variations from the guidelines after *United States v. Booker*, 543 U.S. 220, 245, 264 (2005). But the Court is bound by the mandatory minimum sentences on both counts. Defendant received the mandatory minimum sentence of 240 months, which is a sentence below the guideline range. Defendant's objection is overruled.

### D. Enhancements

The government bears the burden of proving, by a preponderance of the evidence, the facts necessary for an enhancement. *United States v. Riley*, 335 F.3d 919, 925 (9th Cir. 2003). This case was tried in a bench trial during which the Court listened to two days of testimony and proof.

#### 1. USSG §§ 2G2.2(b)(2) & 2G2.6(b)(1)(A)

Defendant argues that "trial proofs did not definitively establish any victim[] was under the age of 12." For this enhancement, a court "must determine whether 1) the individuals depicted in the child pornography were victims; and 2) whether they were less than 12–years–old." *United States v. McGarity*, 669 F.3d 1218, 1260 (11th Cir.2012). Minors depicted in child pornography are victims. *Id.* (citing 18 U.S.C. § 350(a)(2)(A); *New York v. Ferber*, 458 U.S. 747, 758–60 & n. 10 (1982)). From the Court's observations of the evidence at trial, it is clear that child pornography as defined under federal law existed on the Kingdom of Future Dreams board and that many of the children in those images were under 12 years old. Additionally, the board itself featured "rooms" for images of children "11 and under." PSR at 7. Defendant's objection is overruled.

#### 2. USSG §§ 2G2.2(b)(6) & 2G2.6(b)(4)

Defendant argues that the use of computer enhancement is "superfluous, as

virtually all CP offenders use computers." The Ninth Circuit recently rejected this argument in *United States v. Kiefer*, 760 F.3d 926, (9th Cir. 2014), when it held, "Today, we follow our sister circuits in holding that the application of the two-level enhancement for the use of a computer under § 2G2.2(b)(6) does not result in double counting." Defendant's objection is overruled.

### 3. USSG § 2G2.2(b)(3)(B)

Defendant states only that "trial proofs did not definitively establish such facts" in relation to this enhancement. The Ninth Circuit has stated that one's intent to receive child pornography while distributing similar images triggers this five-level adjustment. *United States v. Salvatierra*, 268 Fed. Appx. 516 (9th Cir. 2008) (defendant distributed child pornography in emails with messages suggesting he had an expectation of barter); *United States v. Phillips*, 328 Fed. Appx. 58 (9th Cir. 2009) (defendant said "he would trade" with others). Other courts have found that the application of the enhancement does not require proof of an explicit agreement or precise bargain. *See United States v. Whited*, 539 F.3d 693 (7th Cir. 2008); *United States v. Griffin*, 482 F.3d 1008 (8th Cir. 2007) (regarding a defendant downloading files from peer-to-peer file-sharing network even where no evidence that defendant actually distributed images of child pornography). The purpose of the board here was to view and exchange images of

-11-

child modeling and pornography, and Defendant participated by asking other members of the bulletin board for items items he wanted to see, posting images himself, and commenting approvingly on the posts of other members. Defendant's objection is overruled.

### 4. USSG § 2G2.2(b)(4)

Defendant argues that "trial proofs did not definitively establish such facts." "A district court can apply the sadistic conduct enhancement any time images portray the penetration of prepubescent children by adult males because such images are necessarily pleasurable for the participant and painful for the child." *United States v. Holt*, 510 F.3d 1007 (9th Cir. 2007). Based upon the proof at trial, there were no images on the bulletin board that contained penetration of prepubescent children by adult males. According to the Presentence Investigation Report, images found on a CD and hard drive found at Defendant's residence contained images of prepubescent females engaged in sexual acts with adult males. However, the Third Superseding Indictment cabins the offense conduct from 2009 to 2012, and the Presentence Investigation Report indicates that the images on the hard drive were created in October of 2013 and does not indicate when the images on the CD were created. Defendant's objection is sustained.

### 5. USSG § 2G2.2(b)(7)(D)

Defendant argues that this enhancement is "unsupported in trial evidence and further, even if such testimony was or will be given, that this fails to distinguish between more hard core CP, and partially clothed modeling images, and are irrelevant." The Court heard testimony during the trial substantiating this enhancement. Where Defendant is accountable for more than 3,400 images of child pornography associated with the board, the objection is overruled.

### E. Special Conditions of Supervised Release

"District courts have significant discretion in crafting conditions of supervised release pursuant to 18 U.S.C. § 3583(d). That discretion, however, is not limitless. Courts must ensure that each condition imposed: (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)." *Quinzon v. United States*, 643 F.3d 1266, 1270–71 (9th Cir. 2011). To avoid procedural error, a court must adequately explain the sentence on the record, and, in cases implicating "particularly significant liberty interests," the court must cite to record evidence

showing that the condition is "necessary to accomplish the goals of supervised release and involves no greater deprivation of liberty than is reasonably necessary." *United States v. Gnirke*, ___ F.3d ___, 2015 WL 24916 (9th Cir. 2015).

1. **Sex offender treatment and related polygraph examinations**

Defendant objects to sex offender treatment as a condition of supervised release, arguing that his "psychological evaluation shows such treatment is unwarranted" and that the polygraph examinations are also unwarranted. A treatment condition is contemplated by the guidelines at USSG § 5D1.3(d)(7)(A). In this case, one need only read the psychological evaluation to know that Defendant admitted to being obsessed with viewing child pornography and losing a decade of his life as a result of that obsession. Additionally, the letters from his parents discuss the positive results of the psychological treatment he has received. Treatment is warranted, and polygraph examinations as a part of that treatment are also warranted. Defendant's objection is overruled.

2. **Reside or be in the company of children**

Defendant maintains that this condition violates his First Amendment rights of speech, association, and due process, and that the condition is unduly vague and overbroad. Defendant's involvement on the board, extensive child pornography

collection (more than 400,000 images were found on his devices and a substantial portion were child pornography), and his admitted obsession with viewing child pornography suggests a sexual interest in children.  The condition is warranted and not overbroad given that he can obtain the written approval of his probation officer to be in the company of children.  Similar conditions have been upheld. *See United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008).  Additionally, as with all special conditions of supervised release, Defendant may seek to modify the condition if circumstances change and his probation officer and treating psychologist agree he can safely be in the company of children other than his own children.  Defendant's objection is overruled.

### 3. Sexual Offender Registration Requirements

Defendant argues this condition is "superfluous and not required to maintain public safety or to deter in this case."  Registration is a mandatory condition, and courts are required to impose a registration condition when the defendant is a sex offender.  *See* USSG § 5D1.3(a)(7); *United States v. Becker*, 682 F.3d 1210, 1212–13 (9th Cir. 2012); 18 U.S.C. § 3583(d).  The additional special condition for registration makes it clear for Defendant that registration is required in any state in which he resides.  Defendant's objection is overruled.

### 4. Surreptitious Recording Devices

Defendant argues this condition is unwarranted because he "never used such devices to surreptitiously record any possible victims." The condition is appropriate because Defendant had an extensive collection of child pornography and admitted to being obsessed with it during the five years prior to his arrest. *See United States v. Blinkinsop*, 606 F.3d 1110, 1123 (9th Cir. 2010) ("The large number of images stored on Blinkinsop's computer and storage equipment make it reasonable to anticipate that, even if he has not engaged in covert photography yet, he might do so in the future."). The condition is also not overbroad because "it requires only that he not possess a camera phone or other device for covert photography. He may have a cell phone, as long as it does not have a camera module, and he can have a camera, as long as it is readily identifiable as a camera." *Id.* Additionally, Defendant may possess such devices with the written permission of his probation officer. Defendant's objection is overruled.

### 5. Possession of sexually explicit material

Defendant argues that the prohibition on possessing sexually explicit materials will not pass constitutional muster because the condition violates his First Amendment rights, presumably as it relates to adult pornography. The condition as it relates to both child and adult pornography is appropriate because

Defendant started out looking at adult pornography and progressed to viewing child pornography. He had a large collection of child pornography and admitted to spending a substantial amount of his time viewing child and adult pornography during the five to ten years prior to his arrest. Defendant has also shown recovery from this obsessive behavior while his access to a computer has been restricted since his arrest. This indicates that ongoing restriction is necessary to accomplish the goals of supervised release. In *Gnirke*, a similar condition was upheld where the court construed the condition to apply: "(1) to any materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2), and (2) to any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by [the supervising] probation officer." *Gnirke*, at *9. The proposed condition here specifically prohibits possession of child pornography, which is not protected by the First Amendment, by reference to 18 U.S.C. § 2256. It also prohibits adult pornography by prohibiting Defendant from entering places where the primary item of sale is adult pornography and places that are known to be associated with adult pornography. Defendant's objection is overruled.

## F. Restitution

Defendant objects to mandatory restitution and the imposition of restitution in this case. Defendant's objection is overruled for the reasons stated in the Court's previous order on restitution entered on October 27, 2014. (Doc. 694.)

DATED this 27th day of January, 2015.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT